IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2001

# MADGE KIRKHAM FELL, ET AL. v. GLORIA RAMBO, ET AL.

**Appeal from the Chancery Court for Marshall County**
**No. 9147    Lee Russell, Chancellor**

---

**No. M2000-02100-COA-R3-CV - Filed June 1, 2001**

---

This case is before the Court on appeal from the action of the trial judge in overruling a Rule 60.02 Motion for Relief From a Final Judgment. Non-jury trial on the merits of the case resulted in a judgment of the trial court finding no lack of capacity of Nannie Bell Crockett and no undue influence exerted upon her. That same final judgment held that Plaintiffs, as remaindermen, under the will of John E. Crockett, received at the death of Nannie Bell Crockett, the remaining proceeds from the sale of a farm during her lifetime, which farm had been willed to her for life by her husband, John E. Crockett, with unlimited power of disposition. On appeal, this Court reversed the judgment of the trial court, finding that the pre-1981 version of Tennessee Code Annotated section 66-1-106 (1993) applied to the case, and that the sale of the farm by the life tenant with unlimited power of disposition, terminated the interest of the remaindermen, and that the remaindermen were not entitled to the proceeds of the sale of the farm still remaining in the possession of Nannie Bell Crockett at the time of her death. This judgment is now final and is reported in *Fell v. Rambo*, 36 S.W.2d 837 (Tenn. Ct. App. 2000). On remand, the trial court denied the Rule 60.02 motion in issue on this appeal and we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICA J. COTTRELL, J., joined.

Kevin S. Key, Nashville, Tennessee, for the appellants, Madge Kirkham Fell, Betty Kirkham Bowland, Margaret Sanford Mullens, and Bernice Kirkham Bowers.

Barry B. White and Robert O. Binkley, Lewisburg, Tennessee, for the appellees, Gloria Rambo, and the Estate of Nannie Bell Crockett.

# MEMORANDUM OPINION[1]

In the opinion of this Court rendered May 5, 2000, we held that the pre-1981 version of Tennessee Code Annotated section 66-1-106 applied in the case and that pursuant to *Hobbs v. Wilson*, 614 S.W.2d 328 (Tenn. 1980), the sale by the life tenant, Nannie Bell Crockett, of the farm in issue, terminated all interests of the remaindermen, either in the farm or the proceeds realized from the sale of the farm, Mrs. Crockett having received under the will of her husband a life tenancy in the farm with an unlimited power of disposition.

While this case was pending before this Court, Plaintiffs filed the Rule 60.02 motion in the trial court which declined to rule on such until the mandate issued on the pending appeal. T.R.A.P. Rule 11 application for appeal to the Tennessee Supreme Court of the May 5, 2000 opinion of this Court was denied on January 12, 2001 and mandate issued to the trial court on January 31, 2001. This Court, having been made aware of the filing in the court below of the T.R.C.P. 60.02 motion, stated in the May 5, 2000 opinion: "We remand the case to the trial court for further proceedings regarding the remaindermen's Tenn. R. Civ. P. 60.02 motion and any other appropriate matter." 36 S.W.3d 837, 854 (Tenn. Ct. App. 2000).

The Rule 60.02 motion asserted various acts by Mrs. Rambo, including forging of instruments and misrepresentations as to the amount of interest collected on the proceeds from the sale of the Crockett farm. In the disposition of the trial court overruling this Rule 60.02 motion, it is said:

> It is the finding of the court that on the 5th day of May 2000, the Court of Appeals ruled that the pre-1981 version of Tennessee Code Annotated section 66-1-106 should apply to this case, and Plaintiffs have no standing to inherit property under the will of Nannie Bell Crockett. Therefore, the court finds that none of the documents set out in the Plaintiff's Rule 60.02 motion other than those relating to the sale of the Crockett farm to Preston Ingram could be relevant to this case. The court further finds that the Plaintiffs' own experts have determined that the documents relating to the closing and sale of the Crockett farm bear the unquestioned signature of Nannie Bell Crockett. Based on these findings of fact.

> It is therefore ordered, adjudged and decreed that Defendant's motion to dismiss Plaintiffs' Rule 60.02 motion is hereby granted and Plaintiff's motion for relief from final order and motion for continuance are hereby overruled.

---

[1]

Court of Appeals Rule 10(b):

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Thus, the T.R.C.P. Rule 60.02 motion is without merit for two reasons: (1) none of the assertions in the motion attack the validity of the sale of the Crockett farm by Nannie Bell Crockett to Preston Ingram.  (2) The holding of this Court that the pre-1981 version of T.C.A. 66-1-106 is applicable establishes that the remaindermen have no interest in the farm and no interest in the proceeds from the sale of the farm and therefore are without standing to further pursue this case.

The action of the trial court in overruling the T.R.C.P. Rule 60.02 motion of the remaindermen is in all respects affirmed and costs of the appeal are assessed against Appellants.

_____
WILLIAM B. CAIN, JUDGE